IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KAREN GENTRY                                                                                          PLAINTIFF

vs.                              Civil No. 4:12-cv-04121

CAROLYN W. COLVIN                                                                                 DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Karen Gentry ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits, ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **REVERSED and REMANDED.**

**1. Background:**

Plaintiff filed her application for DIB and SSI on December 29, 2009. (Tr. 9, 104-111).[1] Plaintiff alleged she was disabled due to seizures, neuropathy, psychological problems, back

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

problems, bone spurs in neck, bipolar and seizure disorder. (Tr. 130). Plaintiff alleged an onset date of August 15, 2009. (Tr. 131). These applications were denied initially and again on reconsideration. (Tr. 9, 85-88).

On May 13, 2010, Plaintiff requested an administrative hearing on her application. (Tr. 94). This hearing request was granted, and an administrative hearing was held on November 10, 2010. (Tr. 50-84). Plaintiff was present and was represented by counsel, Michael Angel, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Suzette Skinner testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) and had completed the 9th grade. (Tr. 55).

On April 29, 2011, the ALJ entered an unfavorable decision on Plaintiff's application for DIB and SSI. (Tr. 9-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 21, 2013. (Tr. 11, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 15, 2009. (Tr. 11, Finding 2).

The ALJ determined Plaintiff had the severe impairments of depressive disorder, degenerative disc disease of the lumbar and cervical spine, bursitis of the left shoulder, and seizure disorder. (Tr. 11, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 14-20). First, the ALJ indicated he evaluated Plaintiff's

subjective complaints and found her claimed limitations were not entirely credible. (Tr. 17). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC light work. (Tr. 14, Finding 5). Specifically, the ALJ determined Plaintiff is able to sit, stand or walk for six hours in an eight-hour workday; no limitations in pushing or pulling with her upper or lower extremities; and is able to occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds. *Id.* The ALJ also found Plaintiff was limited to no more than occasional overheated reaching; should avoid even moderate exposure to hazards, such as dangerous moving machinery, unprotected heights, and driving; and has no visual or communicative limitations. *Id.* From the mental standpoint, the ALJ found Plaintiff is able to learn, understand, remember, and carry out at least simple instructions and task; use judgment in making simple work related decisions; respond and relate appropriately to others such as, supervisors and co-workers, but should have minimal contact with co-workers; maintain attention and concentration for at least two-hour intervals; and, adapt to and deal with simple changes in work settings and environments. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 6). The ALJ determined Plaintiff was unable to perform her PRW as a mental retardation aid, school cafeteria cook, kitchen helper, and counter attendant *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 21-22, Finding 9). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as cleaner/housekeeping with

approximately 16,000 such jobs in Texas and 225,000 such jobs in the nation, Café Attendant with approximately 4,000 such jobs in Texas and 45,000 such jobs in the nation, and silver wrapper with approximately 10,000 such jobs Texas and 183,000 such jobs in the nation.[2]  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since March 1, 2010.  (Tr. 22, Finding 10).

On June 27, 2011, Plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 5).  *See* 20 C.F.R. § 404.968.  On August 24, 2012, the Appeals Council declined to review the ALJ's decision. (Tr. 1-4).  On October 17, 2012, Plaintiff filed the present appeal.  ECF No. 1.  Both parties have filed appeal briefs.  ECF Nos. 12, 13.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,*

---

[2]The Court is unsure why the ALJ used job availability for Texas as opposed to Plaintiff's resident state of Arkansas.

221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. Specifically, Plaintiff claims the ALJ erred (1) in failing to perform a proper *Polaski* analysis, (2) in failing to consider Plaintiff's obesity and, (3) in his determination of Plaintiff's severe impairments. ECF No. 12, Pages 8-15. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13. Because this Court finds the ALJ erred in his determination of Plaintiff's severe impairments, this Court will only address this point raised by Plaintiff.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

According to Plaintiff, the ALJ erred when he failed to find Plaintiff's bipolar disorder as a severe impairment. The ALJ found Plaintiff's severe impairments were depressive disorder,

6

degenerative disc disease of the lumbar and cervical spine, bursitis of the left shoulder, and seizure disorder. (Tr. 11-12). However, in making this determination, the ALJ failed to find Plaintiff suffered from bipolar disorder, despite being diagnosed with bipolar disorder by Dr. Betty Fier. (Tr. 364). Additionally, the Psychiatric Review Technique prepared by Dr. Kay Gale also had bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes. (Tr. 369).

Standing alone, these findings provide sufficient evidence demonstrating Plaintiff's bipolar disorder satisfy the low or *de minimis* standard for establishing a severe impairment. Accordingly, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887.[3]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence. Accordingly, this Court recommends this case be **REVERSED and REMANDED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **28th day of March, 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

7